John K. Crossman (JC 7387)
ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP
875 Third Avenue
New York, New York 10022
212.223.6700

*Attorneys for Plaintiff*
*Neeraj Bhargava*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NEERAJ BHARGAVA,

          Plaintiff,

  - against -

CRP/EXTELL PARCEL I, L.P. and
STROOCK & STROOCK & LAVAN LLP,
as escrow agent

          Defendants.

-----------------------------------------------------------------X

Civil Action No.

**09 CIV 6086**

**COMPLAINT**

Plaintiff Neeraj Bhargava ("Plaintiff") by and through his counsel, Zukerman Gore Brandeis & Crossman, LLP, for his Complaint against defendants CRP/Extell Parcel I, L.P. ("Developer") and Stroock & Stroock & Lavan, LLP as escrow agent, alleges as follows:

### Summary of the Action

1.    The defendant CRP/Extell Parcel I, LP is a developer of a condominium located in New York. In April 2007, Mr. Bhargava entered into an agreement with the Developer to purchase a condominium unit for $4,700,000. Pursuant to the agreement, Mr. Bhargava paid the Developer a deposit of $705,000, which is presently entrusted to Stroock & Stroock & Lavan, L.L.P. as escrow agent.

2.   The Developer has failed to perform its obligations under the purchase agreement. Under the agreement, if the first title did not close by September 1, 2008, the Developer is required to take two actions: (a) update the condominium's budget and (b) offer the purchasers an opportunity to rescind their purchase agreements. The first title did not close by September 1, 2008. The Developer has not updated the budget. The Developer has not offered Mr. Bhargava an opportunity to rescind his agreement. Thus, the Developer has breached the purchase agreement. Mr. Bhargava seeks specific performance of the Developer's obligation to offer rescission so Mr. Bhargava may recover his deposit from the escrow agent.

3.   Moreover, the Developer has failed to comply with several of the requirements mandated by the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701 et seq. Specifically, the Developer has failed to comply with the requirements of the ILSDFA in at least the following ways:

    a. The Developer has failed to comply with the ILSFDA by its failure to furnish the Plaintiff with a printed Property Report meeting the requirements set forth by §§1703(a)(1)(B), 1705 and 1707;

    b. The Developer omitted material facts required to be stated in the Property Report under §1703(a)(1)(C);

    c. The Developer failed to comply with the ILSDFA by its failure to contain the rescission language pursuant to §§1703(c) and (d) on the signature page or the face of the Agreement, as required by 24 C.F.R. § 1710.209(f)(3)(ii);

    d. The Developer failed to comply with the contract requirement mandated by the ILSDFA in that the Agreement does not contain a legal description of the property in a form acceptable for recording, as required by §1703(d); and

    e. The Developer participated in activities proscribed by §1703.

4. Accordingly, Mr. Bhargava also seeks rescission of the purchase agreement pursuant to the ILSFDA; and the return of his deposit, as well as the recovery of his costs, attorney's fees and other relief as more fully set forth herein.

## The Parties

5. Plaintiff, Neeraj Bhargava is a citizen of the country of India.

6. Defendant CRP/Extell Parcel I, L.P. is a Delaware limited partnership, which has a principal office at c/o Extell Development Company, 800 Third Avenue Fourth Floor, New York, New York 10022.

7. Defendant Stroock & Stroock & Lavan, LLP ("Stroock") is a limited liability partnership which has a principal office at 180 Maiden Lane, New York, New York 10038. Stroock is sued in its capacity as escrow agent entrusted with the deposit of Mr. Bhargava.

## Jurisdiction and Venue

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337, it being a case or controversy arising under a statute of the United States, to wit, the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq. This Court has pendent jurisdiction over the state law and common law claims pursuant to 28 U.S.C. § 1367.

9. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1719 to rescind a sale and purchase agreement for real property located in this district.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), and (c), as upon information and belief, (1) defendants transact substantial and continuous business within this district; (2) defendants offered the contract at issue in this case within this

district; (3) the parties executed the contract at issue in this case within this district; (4) the real property at issue in this case is located in this district, and (5) the claims alleged in this complaint accrued within this district.

## ALLEGATIONS COMMON TO ALL COUNTS

11. On April 10, 2007, Mr. Bhargava entered into a so-called Option Agreement (the "Agreement") with the Developer to purchase residential Unit 14M within the condominium property known as "The Rushmore" located at 80 Riverside Boulevard, New York, New York 10069 (the "Unit"). A true copy of the Agreement is annexed to the Complaint as Exhibit A.

12. Pursuant to the Agreement, Mr. Bhargava agreed to pay Four Million Seven Hundred Thousand Dollars ($4,700,000) for the Unit. In addition, pursuant to the Agreement, Mr. Bhargava paid the Developer a deposit of Seven Hundred Five Thousand Dollars ($705,000), which is fifteen percent (15%) of the purchase price of the Unit, and including any interest accrued thereon (the "Deposit").

13. The Agreement between the parties explicitly incorporates by reference a Condominium Offering Plan for the Residential Section of the Rushmore and all amendments thereto (the "Plan"). Specifically, the Agreement ¶1 provides that the "Plan is incorporated herein by reference and made a part hereof with the same force and effect as if set forth at length." A true copy of the Plan is annexed to the Complaint as Exhibit B.

14. The Plan provides that all deposits made by purchasers prior to the closing of each individual transaction shall be placed in an escrow account, with Stroock acting as escrow agent. (Exhibit B, Plan at p. 97.)

15. Pursuant to the Plan, Stroock agreed to "hold the Deposit in escrow until otherwise directed in: (i) a writing signed by both the Sponsor and Purchaser; or (ii) a determination of the Attorney General pursuant to the dispute resolution procedures contained in the Attorney General's regulations; or (iii) a judgment or order of a court of competent jurisdiction." (Exhibit B, Plan at 99.)

16. Closing on the Unit has not yet occurred. Upon information and belief, Mr. Bhargava's Deposit was placed in an escrow account and remains in such account, for which Stroock is escrow agent.

17. The Plan provides a deadline of the first closing of title. Specifically, the Plan obligates the Developer to complete the first closing of title by no later than September 1, 2008. The Plan further provides that in the event that the first closing does not occur by September 1, 2008, the "Sponsor will amend the Plan to update the budget and to offer Purchasers the right to rescind their Agreement within fifteen (15) days after the presentation of the amendment disclosing the updated budget, and any Purchaser electing rescission will have their Deposits and any interest thereon returned." (Exhibit B, Plan at p. 95.)

18. The first closing did not occur by September 1, 2008. The Developer has not updated the budget. The Developer has not offered Mr. Bhargava an opportunity to rescind the Agreement.

19. By failing to update the budget, and by failing to offer rescission, the Developer has failed to perform its obligations under the Agreement and the Plan and has breached the Agreement.

20. Mr. Bhargava has demanded that a rescission offer be made to him. Mr. Bhargava has demanded the return of his Deposit. Notwithstanding Mr. Bhargava's demands, the Developer has refused to return the Deposit or to offer rescission. The Developer's refusal to return Mr. Bhargava's Deposit and to offer rescission is a violation of the Plan.

21. Mr. Bhargava seeks rescission of the Agreement and the return of the Deposit pursuant to the terms of the Plan and the Agreement.

**Violations of Interstate Land Sales Full Disclosure Act and N.Y. Gen. Bus. L. § 349**

22. As distinct and separate grounds for rescission and other relief, Mr. Bhargava alleges the Developer's breach of the ILSFDA and NY Gen. Bus. L. § 349. The Developer, in its effort to sell the Unit in the Condominium to the Purchasers, has employed several instrumentalities of interstate commerce, including United State Postal Service, electronic means of data and voice communication and non-governmental courier services. Moreover, in its construction of the Condominium, the Developer has purchased goods and services which originated outside the State of New York and were transported to and incorporated into the Condominium, which is located in this district. Accordingly, the Developer is subject to the requirements of the ILSDFA.

23. The ILSFDA requires a property report to be delivered to each purchaser before signing of the purchase agreement. Specifically, under ILSFDA §1703(a)(1)(b) it is unlawful to sell or lease any lot "unless a printed Property Report, meeting the requirement of §1707 . . . has been furnished to the purchaser or lessee in advance of the signing of any contract or agreement by such purchaser or lessee." Upon information

and belief, the Property Report given to Mr. Bhargava in connection with the purchase of the Unit was not provided to Mr. Bhargava in advance of the signing of the Agreement.

24. Upon information and belief, the Developer filed a property report dated July 28, 2006 (the "Property Report") with the U.S. Department of Housing and Urban Development ("HUD"). A true copy of the Property Report is annexed to the Complaint as Exhibit C.

25. Under ILSFDA, the Property Report must not only contain a statement regarding the availability of roads and public utilities, including water, sewer, electricity, gas, and telephone service, it must also set forth the estimated starting and completion dates, given by month and year, for each utility, facility and amenity in a property. Further, for roads, water, sewer, and electricity, the Property Report must set forth the current percentage of construction that is complete for each of these utilities.

26. The Property Report given to Mr. Bhargava did not set forth an estimated starting or completion date, given by month and year, for the construction of reads, water, sewer, electricity, or telephone service, nor did the Property Report list the current percentage of construction complete for each of these utilities.

27. Due to the Developer's failure to list the estimated start and completion dates, and the current percentage of construction complete, the Property Report does not meet the requirements of §1707.

28. 15 U.S.C. §1703(d) provides that a contract or agreement for the sale or lease of a condominium not exempt under §1702 maybe be revoked at the option of the purchaser or lessee for two years from the date of the signing of such contract or agreement if the contract or agreement does not provide "a description of the lot which

makes such lot clearly identifiable and which is in a form acceptable for recording by the appropriate public official responsible for maintaining land records in the jurisdiction in which the lot is located."

29. The Agreement entered into between the parties does not state that the description of the Unit is in a form acceptable for recording by the public official responsible for maintaining land records in the jurisdiction where the unit is located. Further, the following language is located on page 11 of the Property Report for the Condominium:

> NEITHER THE FLOOR PLANS NOR THE DECLARATION HAVE BEEN SUBMITTED TO THE RPAB. UNTIL THE FLOOR PLANS ARE FILED AND THE DECLARATION IS RECORDED, THE DESCRIPTION OF THE UNITS IS NOT LEGALLY ADEQUATE FOR THE CONVEYANCE OF THE RESIDENTIAL UNITS. THEREAFTER, EACH RESIDENTIAL UNIT WILL BE LEGALLY DESCRIBED BY REFERENCE TO ITS UNIT AND TAX LOT NUMBER AS SET FORTH IN THE RECORDED DECLARATION AND FILED FLOOR PLANS.

30. Thus, the Developer has violated 15 U.S.C. §1703(d) by failing to set forth in the Agreement a description of the Unit that is in a form acceptable for recording by the appropriate public official responsible for maintaining land records in the jurisdiction where the Unit is located. Pursuant to §1703(d), the Agreement may be revoked at the option of the purchaser for two years from the date the Agreement was signed. Because the Developer has unilaterally and impermissibly delayed compliance with this provision, the time period for rescission pursuant to this statute is tolled.

31. 15 U.S.C. §1703(b) provides:

> Any contract of agreement for the sale of lease of a lot not exempt under section 1702 of this title may be revoked at the option of the purchaser or lessee until midnight of the seventh day following the signing of such contact or agreement or until such later time as may be required pursuant to applicable State laws, and such contact or agreement shall clearly provide this right.

32. 15 U.S.C. § 1703(c) provides:

> In the case of any contract or agreement for the sale or leaser of a lot which a Property Report is required by this chapter and the Property Report has not been given to the purchaser or lessee in advance of this or her signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser or lessee within two years from the date of such signing, and such contact or agreement shall clearly provide this right.

33. The Regulations set forth the language that must be used in a purchase agreement for providing the purchaser of notice with respect to the right of rescission. 24 C.F.R. 1710.209 provides that the language must appear "on the face or signature page above all signatures" of the purchase agreement.

34. The rescission language contained in the Agreement does not appear on the face of the Agreement or on the signature page in violation of 24 C.F.R 1710.209(f)(3)(i) and 1703(b) and (c). As a result of this violation, the time period to seek rescission under the ILSFDA is tolled.

35. Based on the above breaches by Developer of the ILSFDA, Mr. Bhargava has a right to rescind the Agreement and receive a full refund of the Deposit, as well as the recovery of his costs, attorney's fees and other relief as more fully set forth herein.

36. Furthermore, the Developer's failure to comply with the ILSFDA constitutes deceptive acts and practices in violation of NY Gen. Bus. L. §349.

## COUNT ONE
(Breach of Contract against Developer)

37. Plaintiff hereby incorporates, adopts and realleges by reference, as if set forth specifically herein, each and every allegation set forth in the foregoing Paragraphs of this Complaint.

38. The Agreement obligates the Developer to amend the Plan and offer Mr. Bhargava the right to rescind his agreement in the event that the first closing does not occur by September 1, 2008. The first closing did not occur by September 1, 2008.

39. The Developer failed to fulfill its obligations under the Agreement by failing to amend the budget and refusing to offer Mr. Bhargava rescission of the Agreement.

40. The Developer is obliged to return to Mr. Bhargava his Deposit.

41. The Developer has failed to direct return of the Deposit.

42. Stroock holds the Deposit. Pursuant to the terms of the Agreement, including the escrow agreement with Stroock, Stroock is presently obligated to return the Deposit.

43. As a result, Mr. Bhargava has been damaged in at least the amount of $705,000, with interest.

## COUNT TWO
(Constructive Trust against Stroock)

44. Plaintiff hereby incorporates, adopts and realleges by reference, as if set forth specifically herein, each and every allegation set forth in the foregoing Paragraphs of this Complaint.

45. As escrow agent entrusted with Mr. Bhargava's Deposit, Stroock acted as a fiduciary/trustee to Mr. Bhargava.

46. Pursuant to the Plan, Stroock promised to "hold the Deposit in escrow until otherwise directed in: (i) a writing signed by both the Sponsor and Purchaser; or (ii) a determination of the Attorney General pursuant to the dispute resolution procedures contained in the Attorney General's regulations; or (iii) a judgment or order of a court of competent jurisdiction." (Exhibit B, Plan at 99.)

47. In reliance on Stroock's promise to fulfill its duties as escrow agent, Mr. Bhargava paid the Deposit to Developer to be held in escrow until the closing of the Unit. Mr. Bhargava seeks rescission the Agreement and a return of his Deposit.

48. Stroock received the Deposit and in facts holds the Deposit in trust. Equity and good conscience require that the Deposit be returned to Mr. Bhargava.

49. If Stroock were to release the Deposit to the Developer, the Developer would be unjustly enriched.

50. Mr. Bhargava seeks a permanent injunction against Stroock from disbursing the funds in escrow to anyone other than to Mr. Bhargava or his attorneys, and Mr. Bhargava seeks to impose a constructive trust upon the Deposit to prevent the funds from being improperly disbursed or wasted.

51. In the alternative Mr. Bhargava seeks a declaration that the Deposit is in fact held trust for the benefit of Mr. Bhargava.

## COUNT THREE
(Violation of the Interstate Land Sales Full Disclosure Act,
15 U.S.C. §1703(a)(1) against Developer)

52. Plaintiff hereby incorporates, adopts and realleges by reference, as if set forth specifically herein, each and every allegation set forth in the foregoing Paragraphs of this Complaint.

53. The Developer failed to comply with 15 U.S.C. §1703(a)(1)(B), which makes it unlawful for a developer, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails, with respect to the sale or any lot not exempt under §1703, to sell or lease any lot "unless a printed Property Report, meeting the requirement of §1707 . . . has been furnished to the purchaser or lessee in advance of the signing of any contract or agreement by such purchaser or lessee."

54. Under 15 U.S.C. §1703(a)(1)(C) it is unlawful to "sell or lease any lot where any part of the statement of record or the Property Report contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein pursuant to §§1704 through 1707 of the Act or any regulations thereunder."

55. Upon information and belief, the Property Report given to Mr. Bhargava in connection with the purchase of the Unit was not provided to Mr. Bhargava in advance of the signing of the Agreement.

56. The Property Report furnished in connection with the purchase of the Unit does not meet the requirements of §1707 and omits material information.

57. The Developer is subject to the registration and requirements of the ILSDFA. The Developer made use of means or instruments of transportation or communications in interstate commerce, or the mails, to sell a condominium unit to Mr.

Bhargava, thereby requiring it to comply with the requirements set forth in §§1703(a)(1)(B) and (C).

58.  The Developer violated §1703(a)(1)(B) by failing to furnish Mr. Bhargava with a Property Report meeting the requirements of §1707, which requires that a Property Report contain the information required under §§1705(1)-(6) and (12), along with "other information as the Secretary may be rules or regulations require as being necessary or appropriate in the public interest for the protection of purchasers." Pursuant to §1705(12) and §1707(a), the implementing regulations set forth in 24 C.F.R. 1710.100-310 (the "Regulations") also set forth specific information and guidelines required by the Act.

59.  The Property Report given to Mr. Bhargava did not set forth an estimated starting or completion date, given by month and year, for the construction of reads, water, sewer, electricity, or telephone service, nor did the Property Report list the current percentage of construction complete for each of these utilities.

60.  Due to the Developer's failure to list the estimated start and completion dates, and the current percentage of construction complete, the Property Report does not meet the requirements of §1707.

61.  The Developer's delivery to Mr. Bhargava of a Property Report that does not meet the requirement of §1707 constitutes a violation of §1703(a)(1)(B).

62.  The estimated start and completion dates, along with the current percentage complete, are material facts required to be stated in the Property Report by sections §§1704 through 1707. By omitting this information for the Property Report, the Developer has violated §1703(a)(1)(B).

63. Pursuant to §1709(a), Mr. Bhargava may bring a private cause of action at law or in equity against the Developer for violations of §1703(a). As a result of the Developer's failure to comply with ILFSDA's requirements concerning rescission language to be included in the Agreement, the time period to seek rescission under the ILSFDA is tolled.

64. The Developer failed to comply with §§1703(a)(1)(B) and 1703(a)(1)(C) and therefore Mr. Bhargava is not required to complete the purchase of the Unit, and is entitled to rescind the Purchase Agreement, and receive a refund of the Deposit and damages including, but not limited to, attorney's fees and expenses for this action and costs incurred, and contribution form all who are liable in such manner and to such extent and to such further relief as provided under 15 U.S.C. §1709.

### COUNT FOUR
(Violation of the Interstate Land Sales Full Disclosure Act,
15 U.S.C. §1703(d)(1) against Developer)

65. Plaintiff hereby incorporates, adopts and realleges by reference, as if set forth specifically herein, each and every allegation set forth in the foregoing Paragraphs of this Complaint.

66. 15 U.S.C. §1703(d) provides that a contract or agreement for the sale or lease of a condominium not exempt under §1702 maybe be revoked at the option of the purchaser or lessee for two years form the date of the signing of such contract or agreement if the contract or agreement does not provide:

    a. A description of the unit which makes such unit clearly identifiable and which is in a form acceptable for recording by the appropriate public official responsible for maintaining land records in the jurisdiction in which the unit is located

    b. That, in the event of a default or breach of the contract or agreement by the purchaser or lessee, the seller or lessor (or successor thereof) will provide the purchaser or lessee with written notice of such default or breach and of the opportunity, which shall be given such purchaser or lessor, to remedy such default or breach within twenty days after the date or the receipt of such notice; and

    c. That, if the purchaser or lessee loses rights and interest in the lot as a result of a default or breach of the contract which occurs after the purchaser or lessee has paid 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, the seller or lesser (or successor thereof) shall refund to such purchaser or lessee any amount which remains after subtracting (A) 15 per centum of the purchase price of the unit, excluding any interest owed under the contract or agreement, or the amount of damages incurred by the seller or lessor (or successor thereof) as a result of such breach, whichever is greater, from (B) the amount paid by the purchaser or lessee with respect to the purchaser price of the unit, excluding any interest paid under the contract or agreement.

67. The purchase agreement does not state that the description of the Unit is in a form acceptable for recording by the public official responsible for maintaining land records in the jurisdiction where the unit is located. Further, the Property Report prepared by the Developer in connection with the Condominium state that **"THE DESCRIPTION OF THE UNITS IS NOT LEGALLY ADEQUTE FOR THE CONVEYANCE OF THE RESIDENTIAL UNITS."**

68. The Developer has violated 15 U.S.C. 1703(d) by: (i) failing to set forth in the Agreement a description of the Unit that is in a form acceptable for recording by the appropriate public official responsible for maintaining land records in the jurisdiction where the Unit is located; (ii) failing to set forth the Plaintiff's right to cure in the Agreement; and (iii) failing to include the fifteen percent (15%) limitation of damage in the Agreement. Pursuant to §1703(d), the Agreement may be revoked at the option of the purchaser for two years from the date the Agreement was signed.

69. The Plaintiff has a cause of action against the Developer to enforce the rights set forth in §1703(d) and (e) pursuant to §1709(b).

70. Pursuant to 15 U.S.C. §§1703(d) and (e), Mr. Bhargava is not required to complete the purchase of the Unit and is entitled to rescind the Agreement, and receive a refund of his Deposit and damages, including but not limited attorney's fees and expenses for this action and costs incurred, and contribution from all who are liable in such manner and to such extent to such further relief as provided under 15 U.S.C. §1709.

### COUNT FIVE
(Violation of the Interstate Land Sales Full Disclosure Act,
15 U.S.C. §1703(b)-(c) against Developer)

71. Plaintiff hereby incorporates, adopts and realleges by reference, as if set forth specifically herein, each and every allegation set forth in the foregoing Paragraphs of this Complaint.

72. Section 1703(b) provides:

Any contract of agreement for the sale of lease of a lot not exempt under section 1702 of this title may be revoked at the option of the purchaser or lessee until midnight of the seventh day following the signing of such contact or agreement or until such later time as may be required pursuant to applicable State laws, and such contact or agreement shall clearly provide this right.

73. Section 1703(c) provides:

In the case of any contract or agreement for the sale or leaser of a lot which a Property Report is required by this chapter and the Property Report has not been given to the purchaser or lessee in advance of this or her signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser or lessee within two years from the date of such signing, and such contact or agreement shall clearly provide this right.

74. The Regulations set forth the language that must be used in a purchase agreement for providing the purchaser of notice with respect to the right of rescission.

- 16 -

24 C.F.R. 1710.209 provides that the language must appear "on the face or signature page above all signatures" of the purchase agreement.

75. The rescission language contained in the Agreement does not appear on the face of the Agreement or on the signature page in violation of 24 C.F.R 1710.209(f)(3)(i) and 1703(b) and (c).

76. Mr. Bhargava has a cause of action against the Developer to enforce the rights of rescission afforded by §§1703(b) and (c) pursuant to §1709(b).

77. Pursuant to 15 U.S.C. §1703(b) and (c), Mr. Bhargava is not required to complete the purchase of the Unit and is entitled to rescind the Purchase Agreement, and receive a refund of his Deposit and damages, including but not limited to attorney's fees and expenses for this action and costs incurred, and contribution form all who are liable in such manner and to such extent to such further relief as provided under 15 U.S.C. §1709.

## COUNT SIX
(Violation of N.Y. General Business Law § 349 against Developer)

78. Plaintiff hereby incorporates, adopts and realleges by reference, as if set forth specifically herein, each and every allegation set forth in the foregoing Paragraphs of this Complaint.

79. The Developer did not comply with disclosure requirements specifically mandated by the ILSFDA, as such, has engaged in deceptive acts or practices in the conduct of its business, trade or commerce as prohibited by NY Gen. Bus. L. §349.

80. The Developer failed to provide the required rescission language on the signature page of the Agreement in an attempt to conceal Mr. Bhargava's statutory rights of rescission.

81. Pursuant to NY Gen. Bus. L. 349(g), Mr. Bhargava is entitled to recover his damages from the Developer's deceptive acts and practices, as well as his attorney's fees.

WHEREFORE, Mr. Bhargava demands judgment as follows:

A. Declaring the Agreement rescinded and compelling the immediate return of Mr. Bhargava's Deposit in the amount of $705,000, including accrued interest thereon;

B. Imposing a constructive trust upon the Deposit, or in the alternative, declaring that the Deposit is in fact held by Stroock in trust for Mr. Bhargava and enjoining Stroock to deliver the Deposit to the Developer;

C. Awarding Mr. Bhargava his reasonable attorney's fees;

D. Awarding Mr. Bhargava his allowable costs;

E. Awarding any other damages allowable by any applicable statute;

F. Awarding such other, further, or different relief as to the Court may seem just or equitable.

## DEMAND FOR JURY TRIAL

Mr. Bhargava demands trial by a jury on all issues so triable.

Dated: New York, New York
July 6, 2009

ZUKERMAN, GORE BRANDEIS
& CROSSMAN, L.L.P.

By: _____
John K. Crossman (JC 7387)

- 18 -

875 Third Avenue
New York, New York 10022
212.223.6700

*Attorneys for Plaintiff*
*Neeraj Bhargava*