UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
NEERAJ BHARGAVA,                                              :
                                                              : Case No. 09 CIV 6086 (SHS)
                                    Plaintiff,                :
                                                              :
            vs.                                               :
                                                              :
CRP/EXTELL PARCEL I, L.P. and STROOCK &                       :
STROOCK & LAVAN LLP, as escrow agent,                         :
                                                              :
                                    Defendants.               :
                                                              :
----------------------------------------------------------------x

**DEFENDANT CRP/EXTELL PARCEL I, L.P.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant CRP/Extell Parcel I, L.P. (hereinafter "Defendant"), through its undersigned attorneys, for its Answer to the Complaint responds and alleges as follows:

1. With respect to the allegations contained in Paragraph 1, admits that Defendant is a developer of a condominium located in New York and that Plaintiff entered into an agreement with Defendant to purchase a condominium unit for $4,700,000, and admits the allegations contained in the third sentence of Paragraph 1 of the Complaint based on information and belief.

2. With respect to the allegations contained in Paragraph 2, denies that Defendant has failed to perform its obligations under the agreement and refers to the agreement for its contents. With respect to the allegations contained in the seventh sentence of Paragraph 2 of the Complaint, Defendant refers to the Complaint for its contents.

3. Denies that Defendant violated the statute referred to in Paragraph 3 of the Complaint and that Plaintiff is entitled to relief.

4. States that Paragraph 4 of the Complaint speaks for itself and refers to the Complaint for its contents.

5. Denies knowledge or information sufficient to form a belief as to Paragraph 5.

6. Admits the allegations contained in Paragraph 6 except denies that Defendant has a principal office at 800 Third Avenue, Fourth Floor, New York, New York 10022.

7. Denies knowledge or information sufficient to form a belief as to the first sentence of Paragraph 7 of the Complaint. With respect to the second sentence of Paragraph 7, refers to the Complaint for its contents.

8. States that the allegations contained in Paragraph 8 of the Complaint are legal conclusions to which no response is required.

9. States that the allegations contained in Paragraph 9 of the Complaint are legal conclusions to which no response is required.

10. States that the allegations contained in Paragraph 10 of the Complaint are legal conclusions to which no response is required, except admits that venue is proper in this jurisdiction.

11. With respect to the allegations contained in Paragraph 11, states that the April 10, 2007 Option Agreement ("Agreement") and the Condominium Offering Plan for the Residential Section for the Rushmore (the "Plan") speak for themselves and refers to their contents and denies that a true copy of the Agreement was annexed to the Complaint as Exhibit A.

12. With respect to the allegations contained in Paragraph 12, states that the Agreement and the Plan speak for themselves and refers to their contents.

13. With respect to the allegations contained in Paragraph 13, states that the Agreement and the Plan speak for themselves and refers to their contents.

14. With respect to the allegations contained in Paragraph 14, states that the Agreement and the Plan speak for themselves and refers to their contents.

15. With respect to the allegations contained in Paragraph 15, states that the Agreement and the Plan speak for themselves and refers to their contents.

16. With respect to the allegations contained in Paragraph 16, admits that closing on the Unit has not yet occurred. Denies knowledge or information sufficient to form a belief as to the second sentence of Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. With respect to the allegations contained in Paragraph 18 of the Complaint, admits that first closing did not occur by September 1, 2008, and that Defendant has not updated the budget or offered Plaintiff an opportunity to rescind the Agreement based upon the occurrence of first closing subsequent to September 1, 2008.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Admits the allegations contained in the first and second sentences of paragraph 20 of the Complaint, and denies that Defendant's refusal to return Plaintiff's deposit and to offer rescission is a violation of the Plan.

21. With respect to the allegations contained in Paragraph 21, states that the Complaint speaks for itself and refers to its contents.

22. With respect to the allegations contained in the first sentence in Paragraph 22 of the Complaint, refers to the Complaint for its contents. Defendant admits the allegations contained in the second and third sentences of Paragraph 22 of the Complaint. The fourth sentence of Paragraph 22 of the Complaint states a legal conclusion to which no response is required.

23. States that the Interstate Land Sales Full Disclosure Act (the "ILSFDA") speaks for itself and refers to its contents, but denies the allegations contained within the third sentence of Paragraph 23.

24. With respect to the allegations contained in Paragraph 24, states that the July 28, 2006 Property Report speaks for itself and refers to its contents.

25. States that the allegations in Paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the ILSFDA for its contents.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. States that Paragraph 28 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the ILSFDA for its contents.

29. Denies the allegations contained in Paragraph 29 of the Complaint and refers to the Property Report for its contents.

30. Denies the allegations contained in the first and third sentences of Paragraph 30 of the Complaint and states that the second sentence of Paragraph 30 of the Complaint states a legal conclusion to which no response is required.

31. States that Paragraph 31 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the ILSFDA for its contents.

32. States that Paragraph 32 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the ILSFDA for its contents.

33. States that Paragraph 33 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the ILSFDA for its contents.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Repeats and realleges its responses to Paragraphs 1 through 36 of the Complaint as if set forth specifically herein.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Denies the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in the second sentence of Paragraph 42 of the Complaint. Denies knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Repeats and realleges its responses to Paragraphs 1 through 43 of the Complaint as if set forth specifically herein.

45. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 of the Complaint.

46. With respect to the allegations contained in Paragraph 46, states that the Plan speaks for itself and refers to its contents.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint, and refers to the Complaint for its contents.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 48 of the Complaint. Denies the allegations contained in the second sentence of paragraph 48 of the Complaint.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. With respect to the allegations contained in Paragraph 50, states that the Complaint speaks for itself and refers to its contents.

51. With respect to the allegations contained in Paragraph 51, states that the Complaint speaks for itself and refers to its contents.

52. Repeats and realleges its responses to Paragraphs 1 through 51 of the Complaint as if set forth specifically herein.

53. With respect to the allegations contained in Paragraph 53, denies that Defendant failed to comply with 15 U.S.C. §1703(a)(1)(B), and refers to 15 U.S.C. §1703(a)(1)(B) for its contents.

54. With respect to the allegations contained in Paragraph 54, states that 15 U.S.C. §1703(a)(1)(C) speaks for itself and refers to it for its contents.

55. Denies the allegations contained in Paragraph 55 of the Complaint.

56. Denies the allegations contained in Paragraph 56 of the Complaint.

57. States that the allegations contained in Paragraph 57 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, refers to the ILSDFA for its contents.

58. With respect to the allegations contained in Paragraph 58, denies that Defendant violated 15 U.S.C. §1703(a)(1)(B), and refers to 15 U.S.C. §1703(a)(1)(B), 15 U.S.C. §1705 and 15 U.S.C. §1707 for their contents.

59. Denies the allegations contained in Paragraph 59 of the Complaint.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

61. Denies the allegations contained in Paragraph 61 of the Complaint.

62. Denies the allegations contained in the second sentence of Paragraph 62. States that the allegations contained in the first sentence of Paragraph 62 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, refers to the ILSDFA for its contents.

63. States that the allegations contained in the first sentence of Paragraph 63 are legal conclusions to which no response is required. Denies the allegations contained in the second sentence of Paragraph 63 of the Complaint.

64. Denies the allegations contained in Paragraph 64 of the Complaint.

65. Repeats and realleges its responses to Paragraphs 1 through 64 of the Complaint as if set forth specifically herein.

66. With respect to the allegations contained in Paragraph 66, states that 15 U.S.C. §1703(d) speaks for itself and refers to it for its contents.

67. Denies the allegations contained in Paragraph 67 of the Complaint, and refers to the Property Report for its contents.

68. Denies the allegations contained in Paragraph 68 of the Complaint, and refers to the Complaint for its contents.

69. Denies the allegations contained in Paragraph 69 of the Complaint, and refers to the Complaint for its contents.

70. Denies the allegations contained in Paragraph 70 of the Complaint.

71. Repeats and realleges its responses to Paragraphs 1 through 70 of the Complaint as if set forth specifically herein.

72. With respect to the allegations contained in Paragraph 72, states that 15 U.S.C. §1703(b) speaks for itself and refers to it for its contents.

73. With respect to the allegations contained in Paragraph 73, states that 15 U.S.C. §1703(c) speaks for itself and refers to it for its contents.

74. States that Paragraph 74 of the Complaint states a legal conclusion to which no response is required, and refers to 24 C.F.R. 1710.209 for its contents.

75. Denies the allegations contained in Paragraph 75 of the Complaint.

76. Denies the allegations contained in Paragraph 76 of the Complaint.

77. Denies the allegations contained in Paragraph 77 of the Complaint.

78. Repeats and realleges its responses to Paragraphs 1 through 77 of the Complaint as if set forth specifically herein.

79. Denies the allegations contained in Paragraph 79 of the Complaint.

80. Denies the allegations contained in Paragraph 80 of the Complaint.

81. Denies the allegations contained in Paragraph 81 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the claims enumerated in the Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that the Purchase Agreement or HUD Property Report does not literally conform to ILSFDA or the Regulations promulgated thereunder, any such discrepancies are not material and cannot be a basis for a claim of rescission.

### THIRD AFFIRMATIVE DEFENSE

Defendant has complied with 15 U.S.C. §1703(d) in all material respects and, in light of the tax lot designation procedures of the City of New York, more strict compliance with that statute would deny Defendant due process of law.

### FOURTH AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. §1703(b) and/or (c), the time for Plaintiff to be entitled to revoke or rescind the Purchase Agreement has lapsed.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are based upon an excusable typographical error or scrivener's error, which is therefore not an enforceable part of the contract.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is equitably estopped from bringing the claims purportedly stated within the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of the acts or omissions alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has waived his right to a trial by jury.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to reasonable attorneys' fees for defending the Agreement.

WHEREFORE, Defendant respectfully requests that the Court enter judgment: (i) dismissing the Complaint in its entirety, with prejudice, as to Defendant; and (ii) granting such other and further relief to Defendant that the Court deems just and proper.

Dated: September 29, 2009                SIMPSON THACHER & BARTLETT LLP

                                                              By:  /s/ Barry R. Ostrager
                                                                        Barry R. Ostrager
                                                                        (bostrager@stblaw.com)
                                                                        Laura D. Murphy
                                                                        (lmurphy@stblaw.com)

                                                             425 Lexington Avenue
                                                             New York, New York 10017
                                                            (212) 455-2000
                                                            (212) 455-2502 (fax)

                                                            *Attorneys for Defendant CRP/Extell Parcel I, L.P.*